STATE OF NEBRASKA, APPELLEE, V. JOHN D. CRIDER, APPELLANT.
440 N.W.2d 219

Filed May 19, 1989. No. 88-036.

P. Stephen Potter for appellant.

Robert M. Spire, Attorney General, and Terri M. Weeks for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

PER CURIAM.

Defendant appeals from the judgment and sentence imposed on him by the district court for Dawson County, Nebraska. The record shows that a second amended complaint was filed against defendant in the county court for Dawson County, charging defendant, in 12 counts, with various crimes of theft by deception, in violation of Neb. Rev. Stat. § 28-512(3) (Reissue 1985), and of theft, in violation of Neb. Rev. Stat. § 28-511 (Reissue 1985). After a preliminary hearing, defendant was bound over to the district court for Dawson County. There, an information in 12 counts was filed, charging the same violations. The first five counts alleged offenses constituting Class IV felonies, and the last seven counts alleged Class I misdemeanors. All involved theft or theft by deception.

Defendant was arraigned on the above charges in district court on July 10, 1987. The information was read to defendant, and the nature of the charges filed was generally explained to defendant by the court. Defendant pled not guilty, and the court set the case for trial on October 5, 1987.

On October 2, 1987, defendant, his counsel, and the county attorney prosecuting the charges appeared before the court. They announced to the court that a plea bargain had been reached. A petition to enter a plea of no contest was signed by defendant and filed in the district court. Pursuant to the written terms of this petition, the State agreed to dismiss 11 of the pending 12 counts, and defendant agreed to plead no contest to

one of the counts. The parties also agreed that the State would file no additional charges arising out of "these transactions" and that the State could ask for restitution on all the charges.

Pursuant to the agreement, count III of the information was read to defendant. The court then fully explained to defendant all the constitutional rights he would be giving up if he entered a plea to count III. The rights explained by the court to defendant comported fully with the requirements set out in *State v. Irish,* 223 Neb. 814, 394 N.W.2d 879 (1986).

A factual basis for the plea was then set out by the county attorney. This statement showed that defendant was an officer of an organization called New Life Jail Ministries and had the duty of keeping the account records of the organization. The sum of $3,730.40 was found to be missing from the organization's accounts. On February 20, 1987, defendant paid himself the sum of $305 by check. This payment was not authorized and was the subject of the criminal count to which defendant pled no contest. Defendant questioned the total amount taken but admitted that he had, in effect, stolen $305 on the date in question and that those facts made him guilty of the Class IV felony to which he pled no contest.

The court found that defendant entered his plea knowingly, voluntarily, and intelligently and that there was a factual basis for the plea; accepted the plea; and found defendant guilty as charged. The court then dismissed the remaining 11 counts.

On December 11, 1987, the court sentenced defendant to 1 1/2 to 4 years in prison and ordered him to pay restitution in the amount of $6,468.66. Defendant's motion for new trial was overruled, and defendant timely appealed to this court.

In this court, defendant assigns as error three actions of the trial court: (1) failing to properly arraign the defendant, (2) failing to advise defendant of his constitutional rights at the time of his arraignment, and (3) abusing its discretion at the time of defendant's arraignments.

It is difficult to ascertain the argument defendant makes in support of his assignments of error. It would appear that, without saying so, defendant is contending that since defendant was not advised of all of his constitutional rights at the arraignment at which he pled not guilty to the 12 charges

against him, his later plea of no contest to one count was somehow flawed. There was no error in defendant's arraignment at which he entered a plea of no contest. Defendant's appeal is patently frivolous, and his sentence is affirmed.

AFFIRMED.